'Auer, Respondent, vs. Hoffmann, Appellant.

*September 5—September 24, 1907.*

*Landlord and tenant: Modification of lease: Mistake: Evidence: Admissions.*

1. On March 9, 1905, a landlord wrote to his tenant, whose term under a written lease expired April 30, 1906, a letter stating that the lease expired April 30, 1905, and asking if he wished to renew for another term. On March 16th the tenant replied that he would vacate on May 1, 1905. On March 18th the landlord wrote that the statement in his former letter was an error and called attention to the true date of expiration of the lease. *Held*, that the tenant must be presumed to have known when his term expired and was not warranted in treating the landlord's first letter, evidently written under an erroneous belief as to such expiration, as an offer to terminate or modify the lease.

2. At the time he received the letter of March 18th the tenant was not bound by any agreement to lease other premises, but he afterwards leased another building and vacated the premises in question on May 1, 1905. *Held*, that he was liable for the rental reserved in the first lease up to the date of its expiration, less the amount which the landlord was able to obtain from a re-rental of the premises during that time.

3. A party who, as a witness, assented to the correctness of an assumption that he had duly received a letter sent to him by the other party, cannot urge on appeal that there is no evidence to show that he received the letter.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

On October 15, 1903, defendant rented from the plaintiff, by written lease, the upper flat of the premises known as 1414 State street, in the city of Milwaukee, for the term of two years, six months, and fifteen days from that date, at a monthly rental of $30. On March 9, 1905, plaintiff wrote the following letter to the defendant:

"Milwaukee, March 9th, 1905.
*"Mr. John Hoffmann, 1414 State St.*

"Dear Sir: Your lease for the premises 1414 State St. expires April 30th next. We write to ascertain if it is your desire to continue there for another term of one, two, or three years at the monthly rental of $30 per month. We take the matter up at this early day so that in justice to yourself as well as ourselves, if it is desired to make other arrangements, we both have ample time to do so. We will therefore assume, unless we hear from you to the contrary in writing by March 20th, that you will vacate the premises on April 30th. Not hearing from you, we will place the property on the market for rent. Your relations as tenant with us have been satisfactory, and we trust you will find it desirable to remain. An early reply will be appreciated.

"Yours truly,          LOUIS AUER & SON."

On March 16, 1905, defendant sent the following letter to plaintiff:

"Milwaukee, March 16th, 1905.
*"Mr. Louis Auer & Son:*

"Gentlemen: Your letter of March 9th was received and contents noted. I shall vacate your premises on May 1st, because the bedrooms are too small for my large family, as you know. Taking this into consideration, I think the proposed increase in rental to $30 is too high. You can therefore place the flat on the market for rent.

"Yours truly,          J. HOFFMANN."

In reply plaintiff wrote as follows:

"Milwaukee, March 18th, 1905.

"*Mr. John Hoffmann,*

"Pabst Brewing Co.; City:

"Dear Sir: Your letter of the 16th inst. is received and contents noted. Our letter of the 9th inst. sent you regarding your lease was an error, as your lease does not expire until May, 1906, and should not have been sent you. Kindly examine the conditions of your lease and let us know whether or not we are correct in our statement.

"Yours truly,    Louis Auer & Son."

On July 5, 1904, plaintiff made defendant an allowance of $25 on the rent, because the house was not finished and was incomplete when the defendant moved in. Defendant vacated the premises by May 1, 1905, and plaintiff endeavored to re-rent them, but was unable to do so for three months, and thereafter leased them at the rental of $28 per month. He brings this action for the difference between the amount agreed upon in the lease and the rent received under the re-rental, and in the trial court recovered judgment for the same. Upon the receipt of the letter of March 9, 1905, defendant agreed to rent other premises from a third party, but the agreement was not fulfilled and was canceled by mutual consent. Defendant did not become obligated under any other lease until April 27, 1905, when he rented and moved into other premises, which he occupied during the period for which plaintiff claims that he had leased from him. This is an appeal from a judgment in favor of plaintiff.

For the appellant there was a brief by *Houghton & Neelen,* and oral argument by *F. W. Houghton.*

*Joseph G. Hirschberg,* for the respondent.

Siebecker, J. The case presents no facts showing a modification of the lease prior to the letter of March 9, 1905. Appellant claims in substance that the transaction between the parties whereby plaintiff credited defendant with $25

on the rent did not result in modifying the lease, but that, taken in connection with the letter of March 9, 1905, it tended to support the defendant in his contention that plaintiff treated the lease as so modified that it terminated on April 30, 1905. This brings us to the controverted issue in the case, namely, whether under the circumstances shown there was a cancellation of the lease by the letters of March 9 and March 16, 1905. The effect of these letters must be determined in view of the subsisting relation of the parties under the written lease which was then in force. By the terms of the lease the relation of landlord and tenant was to continue between them until April 30, 1906. From this defendant must be presumed to have understood and to have known at the time that the lease did not expire until April 30, 1906. In view of such knowledge, the contents of plaintiff's letter of March 9, 1905, must have clearly indicated to him that plaintiff was in error as to when the lease did expire. The contents of the letter show clearly that plaintiff did not thereby intend to terminate or offer to terminate the lease or in any way change or modify the subsisting contract. The letter plainly indicates that the plaintiff erroneously believed the lease expired on April 30th, following, and the defendant, therefore, was not warranted in treating it as an offer to modify the lease. In view of these circumstances there is no valid basis for defendant's claim that the lease was so modified by consent of the parties that it expired April 30, 1905.

This also negatives the contention that plaintiff should not be permitted to enforce his claim because defendant, in reliance on such cancellation of the lease, vacated the premises and became obligated for the rent of another building after April 30, 1905. It does not appear that between March 9 and March 16, 1905, defendant had become obligated for the rent of another building. The facts show that he was released from whatever obligation he had assumed before the 16th of March, the date of his letter to plaintiff declaring he

would vacate the premises. Before defendant contracted for the lease of the premises of which he took possession after leaving those held by him under the lease in question, plaintiff had informed him that his former letter of March 9, 1905, was erroneous, and that the lease did not expire until April 30, 1906.

It is urged that there is no proof tending to show that defendant received this letter. The record shows that the court and the defendant's counsel, in propounding questions to him, assumed that he had received this letter of plaintiff's before March 21, 1905, when he wrote plaintiff on the subject, and in his answers to such questions he assented to the correctness of this assumption. Thereafter he had no right to act on the assumption that the lease had been canceled.

We find no error in the record, and the judgment must stand.

*By the Court.*—Judgment affirmed.